## Abstract of the Decision.

1.  INFANTS, § 4*—*what is principal consideration in awarding custody of child.* The principal consideration moving the court, in awarding the custody of a minor child under a proceeding in habeas corpus, is the welfare of the child, and where opposing claimants are equally responsible courts will favor the claims of those who stand in relationship to the child.

2.  INFANTS, § 4*—*determination of comparative merits of claimants of child.* A determination as to the custody of a minor child, in a proceeding in habeas corpus, does not necessarily involve a decision upon the comparative merits of the respective claimants.

3.  INFANTS, § 4*—*when custody of child given to uncle and aunt.* In a habeas corpus proceeding, *held* that the uncle and aunt of a minor child should be awarded its custody, on grounds of relationship, notwithstanding another claimant who was unrelated was equally proper and fit to have its custody.

## Bertha M. Doyle, Defendant in Error, v. Samuel Fallows et al., Plaintiffs in Error.

## Gen. No. 23,547.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed January 28, 1918.

## Statement of the Case.

Action by Bertha M. Doyle, plaintiff, against Samuel Fallows and others, defendants, to recover for services as stenographer and secretary to the finance committee of the Illinois Commission of Lincoln Jubilee and Half-Century Anniversary Exposition and for moneys advanced in the business of the Commission. From a judgment for plaintiff, defendants bring error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The statement of claim averred plaintiff was "hired" by the Commission, but made no averment of employment by the defendants or of services rendered to them, or mention of their names.

See also, *Doyle v. Fallows*, 207 Ill. App. 5.

JOHN DAILEY, RICHARD J. COONEY and JOHN A. VER-HOEVEN, for plaintiffs in error.

D. K. COCHRANE, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim in action for services insufficient as basis for judgment.* Judgment *held* improperly entered against the defendants where the statement of claim made no mention of their names or of employment by them or of services rendered to them, but averred only a hiring of plaintiff by a certain commission, in an action to recover for services rendered to a committee of such commission and for moneys advanced in its business.

2. MUNICIPAL COURT OF CHICAGO, § 30*—*when failure of statement of claim to state cause of action is not cured.* The failure of the statement of claim to state a cause of action against the defendants because making no mention of their names or employment by them or of services rendered to them was not cured by the præcipe for summons wherein the names of the defendants were set out and they were designated as constituting a certain commission, against which commission only the statement of claim set up a cause of action.

3. JUDGMENT, § 190*—*necessity of against all joint defendants.* Where a joint liability is charged against several defendants, judgment must run against all or none, and may not be entered against a part only.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.